IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE FIRST LIBERTY INSURANCE CORPORATION,** a/s/o Rodney and Jodi Wooten,<br><br>Plaintiff,<br><br>v.<br><br>**LG ELECTRONICS USA, INC.,**<br><br>Defendant. | CIVIL ACTION<br><br>No. 23-0591-KSM |

<u>MEMORANDUM</u>

**MARSTON, J.**                                                                                                    May 1, 2023

Plaintiff The First Liberty Insurance Company, as subrogee for its insureds, Rodney and Jodi Wooten, brings this product liability case against Defendant LG Electronics USA, Inc. (Doc. No. 1-1.)  LG Electronics removed the case from the Philadelphia Court of Common Pleas to this Court.  (*See* Doc. No. 1.)  First Liberty now moves to remand the case.  (Doc. No. 8.)  For the reasons discussed below, the motion is denied.

**I.**

On February 19, 2021, the Wootens' home sustained significant fire damage, and an investigation revealed that the fire originated with a defect in the control panel of the Wootens' microwave, which, according to the Complaint, was manufactured by LG Electronics.  (Doc. No. 1-1 at ¶¶ 2–6, 9–15.)  As of December 2022, First Liberty had paid the Wootens more than $1 million under their insurance policy for fire related damages.  (*Id.* at ¶ 15.)  As subrogee to the Wootens' rights, First Liberty filed this action on December 21, 2022 in the Court of Common

Pleas for Philadelphia County.[1]  (*See generally id.*)  LG Electronics is the only Defendant identified in the initial Complaint.  (*Id.* at 1.)  See also *The First Lib. Ins. Co. v. LG Elecs. USA, Inc.*, No. 221201997 (Pa. Ct. Comm. Pl. Dec. 21, 2022).[2]

On January 20, 2023, 30 days after filing the initial Complaint, First Liberty filed a Praecipe to Reinstate the Complaint for an additional 30 days.[3]  See *The First Lib. Ins. Co. v. LG Elecs. USA, Inc.*, No. 221201997 (Pa. Ct. Comm. Pl. Jan. 20, 2023).  LG Electronics is the only defendant identified in that filing.  *Id.*  One week later, on January 27, First Liberty perfected service as to LG Electronics.  (*See* Doc. No. 1 at ¶ 2.)  First Liberty did not, however, file proof of service on the state court docket.  *See generally The First Lib. Ins. Co. v. LG Elecs. USA, Inc.*, No. 221201997 (Pa. Ct. Comm. Pl.).

On February 7, 2023, First Liberty filed a second Praecipe to Reinstate the Complaint, this time listing two defendants in the case caption:  LG Electronics and General Electric Company.  See *The First Lib. Ins. Co. v. LG Elecs. USA, Inc.*, No. 221201997 (Pa. Ct. Comm. Pl. Feb. 7, 2023).  The Prothonotary appears to have reinstated the Complaint.  *Id.*  One week later, on February 14, First Liberty sought leave to amend its Complaint to formally add General Electric as a defendant.  *The First Lib. Ins. Co. v. LG Elecs. USA, Inc.*, No. 221201997 (Pa. Ct.

---

[1] The Complaint asserts five counts against LG Electronics:  (1) strict liability, (2) negligence, (3) breach of implied warranty of merchantability, (4) breach of the implied warranty of fitness for a particular purpose, and (5) violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  (Doc. No. 1-1 at 5–10.)

[2] In deciding the motion to remand, the Court takes judicial notice of the state court docket, which can be accessed here:  https://fjdefile.phila.gov.

[3] It appears that First Liberty filed the praecipe with the goal of extending its time for perfecting service.  *See* 231 Pa. Code § 401(a), (b) ("Original process shall be served . . . within 30 days after the issuance of the writ or the filing of the complaint. . . .  If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon *praecipe* and upon presentation of the original process, or a copy thereof, shall continue its validity by designating the writ as reissued or the complaint as reinstated.").

Comm. Pl. Feb. 14, 2023).

LG Electronics removed the case to this Court the next day on diversity jurisdiction grounds. (Doc. No. 1.) First Liberty now moves to remand the case, arguing that there is not complete diversity because First Liberty and General Electric are both citizens of Massachusetts. (*See generally* Doc. No. 8.) LG Electronics opposes the motion, arguing that General Electric is not a "party" to this action, and therefore, its citizenship is irrelevant to the Court's jurisdictional analysis. (*See generally* Doc. No. 10.)

## II.

A motion to remand for lack of subject matter jurisdiction "shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)," and is, therefore, "properly evaluated using the same analytical approach." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000). "A facial attack challenges subject matter jurisdiction without disputing the facts alleged in the notice of removal, and it requires the court to consider the allegations as true." *Papp*, 842 F.3d at 811 (cleaned up). "A factual attack, in contrast, disputes the factual allegations underlying the assertion of jurisdiction and involves the presentation of competing facts." *Id.* (cleaned up).

Although First Liberty does not describe its attack as facial or factual, the Court construes its argument as a facial attack because it presents a legal dispute as opposed to a factual one. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("A factual attack requires a factual dispute, and there is none here."); *cf. Papp*, 842 F.3d at 811 n.4 (explaining that a "factual attack on jurisdiction after removal is permissible" but the Court's analysis is limited).

Accordingly, the Court considers only the allegations in LG Electronics's notice of removal, the documents attached to the notice, and the referenced proceedings to determine whether we have jurisdiction. *See Myers v. Caliber Home Loans, Seterus, Inc.*, No. 1:19-cv-596, 2019 WL 4393377, at *3 (M.D. Pa. Sept. 13, 2019).

### III.

Under 28 U.S.C. § 1441(a), a defendant in a civil action in state court may remove the case to federal district court if the federal court would have original jurisdiction. The federal district courts have "original jurisdiction of all civil actions . . . between citizens of different states," where the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a). "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). To determine who qualifies as "plaintiff" and "defendant" to the action, "the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Here, the parties agree that the amount in controversy requirement is satisfied because First Liberty seeks more than $1 million in damages. (*See* Doc. No. 1 at ¶ 11; Doc. No. 1-1 at 5–10.) The parties also seem to agree that First Liberty is a citizen of Illinois and Massachusetts and that LG Electronics is a citizen of Delaware and New Jersey.[4] (*See* Doc. No. 1 at ¶¶ 6–7;

---

[4] The citizenships of Rodney and Jodi Wooten are irrelevant to the Court's jurisdictional analysis. *See, e.g.*, *Travelers Indem. Co. of Am. v. Coronation Sheet Metal Co.*, Civil Action No. 12–7603(JLL), 2013 WL 2395053, at *2 (D.N.J. May 30, 2013) ("As Genova's subrogee, Plaintiff is entitled to seek recovery in its own name without adding any other party. Although Genova is Plaintiff's subrogor, it is not itself a party to this litigation. Accordingly, Genova's citizenship is irrelevant to determining whether diversity jurisdiction exists.") (internal citations omitted).

Doc. No. 1-1 at ¶¶ 1, 4; Doc. No. 8 at 4.)  For purposes of this motion only, the Court assumes that General Electric is also a citizen of Massachusetts, a fact that LG Electronics disputes but for which it provides no competing facts.  (*See* Doc. No. 8 at ¶ 5; Doc. No. 10 at ¶ 5.)  The heart of the parties' dispute is whether General Electric was a party to this action at the time of removal.  If it was, the Court must consider its citizenship and remand the case for lack of diversity.  If it was not, its citizenship is irrelevant to the Court's analysis and remand must be denied.

First Liberty does not argue that its initial Complaint named General Electric as a defendant.  Instead, First Liberty asserts that it added General Electric as a defendant via the February 7 Praecipe to Reinstate the Complaint, which listed General Electric in the case caption.  (Doc. No. 8 at 4.)  This argument is not persuasive.  A reinstated complaint can name a new defendant "only if the [original] complaint has not been served on any [previously named] defendant."  231 Pa. Code § 401(b)(2).  Here, the Notice of Removal alleges that LG Electronics was served on January 27, 2023, eleven days before First Liberty filed the February 7 Praecipe.  (*See* Doc. No. 1 at ¶ 2.)

Neither can First Liberty rely on its February 14 Motion to Amend.  Under the Pennsylvania Rules of Civil Procedure, a plaintiff may amend its complaint "as of right within 20 days after" the complaint is filed.  25 Pa. Code § 1021.53.  After the 20 days has passed, a plaintiff must have either the named defendants' consent or the court's approval to amend.  *See* 231 Pa. Code § 1033(a) ("A party, *either by filed consent of the adverse party or by leave of court*, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading.") (emphasis added); *see also id.* § 2232(c) ("At any stage of an action, *the court may order* the joinder of any additional person who could have

5

joined or who could have been joined in the action . . . .") (emphasis added). Here, the motion to amend was filed 55 days after the initial Complaint, and when this case was removed on February 15, 2023, First Liberty had neither LG Electronics's consent nor the court's approval to amend. Accordingly, the motion to amend could not, on its own, add General Electric as a defendant in the case. *Contra. Green v. Presto Dyechem Co.*, Civil Action No. 1:10CV142, 2011 WL 1258499, at *1 (N.D.W.V. Apr. 5, 2011) (rejecting the defendant's claim that because the plaintiff "styled his filing as a motion to amend and did not attach or serve an actual amended complaint, the [state court's] failure to grant the motion resulted in the original complaint still surviving through the time of removal" and explaining that when the plaintiff filed his "motion to amend," he was permitted, by the state rules of civil procedure, to amend the complaint as of right and did not need court approval, so the motion to amend effectively amended the complaint on the date it was filed).

Finally, First Liberty asserts that the state court *would have* granted the motion to amend because Pennsylvania appellate courts have held that "requests to amend pleadings should be liberally evaluated in an effort to secure a determination on the merits." (Doc. No. 8 at 5 (citing *Horowitz v. Univ. Underwriters Ins.*, 580 A.2d 395 (Pa. Super. Ct. 1990)).) But even if the Court assumes that the state court would have granted leave to amend, it makes no difference to our analysis because LG Electronics removed the case before the state court had a chance to do so. Because First Liberty failed to amend its complaint to add General Electric as a defendant *before* the case was removed, the Court cannot consider General Electric's citizenship in deciding whether it has jurisdiction over this action. *See Malloy v. K-Mart, Inc.*, Civil Action No. 14–1640, 2015 WL 75047, at *1 (W.D. Pa. Jan. 6, 2015) ("An attempt to amend a complaint before a state court after the filing of a Notice of Removal necessarily fails, as that court lacks

6

jurisdiction over the matter. As this case currently stands, pursuant to the original Complaint, there are two parties, and those parties are citizens of different states. Contrary to Plaintiff's contention, complete diversity of citizenship indeed exists."); *see also Valdez v. Home Depot U.S.A., Inc.*, Case No. 22-cv-01491-DMR, 2022 WL 4137691, at *4 (N.D. Cal. Aug. 25, 2022) ("Valdez did not amend his complaint in state court to substitute Castillo for Doe 1 before Defendant filed its notice of removal.  Accordingly, Castillo's citizenship must be disregarded, and removal was proper.  Valdez's subsequent state court amendment is irrelevant because remand must be evaluated on the pleadings at the time of removal.") (cleaned up); *Smith v. FCA US LLC*, Case No. 20-cv-00911-PJH, 2020 WL 1651430, at *2 (N.D. Cal. Apr. 3, 2020) ("[P]laintiff's stated intent to name California defendants at some point in the future does not alter the diversity analysis.  It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (quotation marks omitted); *Evans v. Metro. Prop. & Cas. Ins. Co.*, No. CIV–13–1111–HE, 2013 WL 6835287, at *2 (W.D. Okla. Dec. 26, 2013) ("[P]laintiff asserts that the motion to remand is untimely because she intended to amend her petition to seek less than $75,000 in damages and the case was removed before she could do so.  Plaintiff has cited no authority, and the court has found none, to support the idea that the possibility of amendment should affect the pertinent periods or deadlines.  As noted above, the validity of removal is judged by the complaint at the time of removal."). *Contra Katzenko v. Desiral*, Docket No.: 18-cv-13179, 2018 WL 5112450, at *1 (D.N.J. Oct. 19, 2018) (finding that two months before removal, "Plaintiffs amended the complaint by adding Owen—a New York corporation" as a defendant, and concluding that because "Plaintiffs are from New York, the parties were not completely diverse at the time of removal"); *Green*, 2011 WL 1258499, at *1 (finding that the plaintiff "properly amended his complaint before service and

without leave of court" per the applicable state rules of procedure, and "thus, the amount in controversy requirement was not met at the time of Presto's removal").

Considering the citizenships of the parties at the time of removal, First Liberty is a citizen of Illinois and Massachusetts, and LG Electronics is a citizen of Delaware and New Jersey. (Doc. No. 1-1 at ¶¶ 6, 7.)  Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over this action.  *See* 28 U.S.C. § 1332(a).

## IV.

The motion to remand is denied.  An appropriate Order follows.